**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**MINDA R. ROLLER,**

          **Plaintiff,**

     **v.**                              **Civil Action 2:16-cv-257**
                                               **Judge George C. Smith**
                                             **Magistrate Judge Jolson**

**POSTMASTER  GENERAL
MEGAN J BRENNAN, et al.,**

          **Defendants.**

## ORDER

     On July 11, 2016, this Court issued an order directing Plaintiff to show good cause within fourteen days why this action should not be dismissed for failure to effect service and why an extension of time should be allowed.  (Doc. 2).  Plaintiff filed a response to the show cause order on July 25, 2016, stating that the failure to effect service of process was "an inadvertent procedural misstep on behalf of" her counsel.  (Doc. 3 at 3).  Plaintiff's counsel filed an affidavit in support of the response, indicating that he "prepared and issued [a] Waiver of Service of Summons" to Defendants.  (*Id*. at 4, ¶ 7).  Thus, Plaintiff requests an extension of time to effect service.

     Plaintiff has sued Postmaster General Megan J. Brennan and Daniel Wallace, a Supervisor of Maintenance Operations with the United States Postal Service.  (Doc. 1 at ¶¶  2, 5). Rule 4(i) of the Federal Rules of Civil Procedure sets forth the requirements for service of process on the United States, its agencies, officers, and employees.  To date, no summons has been issued, and counsel indicates his only attempt to serve Defendants is using the procedure for "waiver of service of summons" in Rule 4(d).  However, the waiver of service permitted by

that rule does not apply to service of the United States.  *See* Fed. R. Civ. P. 4(d) ("An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons.").  As one court observed, "Rule 4(d) plainly applies to individuals, corporations, or associations subject to service under Rule 4(e), (f), or (h), not to service on the United States under Rule 4(i)."  *Wagner v. McHugh*, No. 8:12cv174, 2013 WL 1148801, at *2 (D. Nebraska Mar. 19, 2013) (citing *John v. Sec'y of Army,* 484 F. App'x 661, 665 (3d Cir. 2012) (holding Rule 4(d)'s waiver of service method does not apply to service on the United States or its agencies)). Thus, Plaintiff's effort to serve Defendants is deficient.

Plaintiff is GRANTED an additional fourteen days from the issuance of this Order to effect service of process consistent with the Federal Rules of Civil Procedure.  If Plaintiff fails to do so, her complaint shall be dismissed.

IT IS SO ORDERED.


Date:  July 26, 2016                                     /s/ Kimberly A. Jolson
                                                        KIMBERLY A. JOLSON
                                                        UNITED STATES MAGISTRATE JUDGE