IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MINDA R. ROLLER,**

    **Plaintiff,**

    v.                                           Civil Action 2:16-cv-257
                                                      Judge George C. Smith
                                                      Magistrate Judge Jolson

**POSTMASTER GENERAL**
**MEGAN J BRENNAN, et al.,**

    **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Second Motion for Extension of Time. (Doc. 5). For the reasons stated, Plaintiff's motion is **DENIED**, and it is **RECOMMENDED** that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

### I.     BACKGROUND

The complaint in this action was filed on March 25, 2016. (Doc. 1). On July 11, 2016, this Court issued an order directing Plaintiff to show good cause within fourteen days why this action should not be dismissed for failure to effect service. (Doc. 2). Plaintiff responded on July 25, 2016, stating that the failure to effect service of process was "an inadvertent procedural misstep on behalf of" her counsel. (Doc. 3 at 3). Plaintiff was granted a fourteen-day extension of time to effect service. (Doc. 4).

The undersigned's Order granting Plaintiff's extension to effect service provided direction regarding service. In moving for an extension, Plaintiff requested that the Court allow Plaintiff to effect service by "waiver of service of summons" under Rule 4(d). (Doc. 4 at 1–2). Plaintiff has sued Postmaster General Megan J. Brennan and Daniel Wallace, a Supervisor of Maintenance Operations with the United States Postal Service. As the undersigned explained,

1

Rule 4(i) sets forth the requirements for service of process on the United States, its agencies, officers, and employees sued in their official capacity. *See* Fed. R. Civ. P. 4(i)(1), (2). Plaintiff was therefore advised that Rule 4(d) does not apply in this case. (Doc. 4 at 2); *see* Fed. R. Civ. P. 4(d); *Wagner v. McHugh*, No. 8:12cv174, 2013 WL 1148801, at *2 (D. Nebraska Mar. 19, 2013) ("Rule 4(d) plainly applies to individuals, corporations, or associations subject to service under Rule 4(e), (f), or (h), not to service on the United States under Rule 4(i).").

Beyond providing direction for service, the undersigned's Order advised Plaintiff that her efforts to serve Defendants were deficient. The Order granted Plaintiff an additional fourteen days, until August 9, 2016, "to effect service of process consistent with the Federal Rules of Civil Procedure." (Doc. 4 at 2). And, as the Order stated plainly, "If Plaintiff fails to do so, her complaint shall be dismissed." (*Id.*).

## II. DISCUSSION

Plaintiff now requests a second extension of time to effect service. (Doc. 5). Despite the undersigned's direction and despite the first extension, Plaintiff has failed to effect service. In fact, Plaintiff's counsel submits almost the exact same brief in support of the second motion as he did in support of the first. (Docs. 3, 5). After he submitted the same brief in support of the first motion, the undersigned explained why the normal waiver process under Rule 4(d) did not apply to this case. Plaintiff's counsel ignored this direction and again asks for the Court to order service via the waiver process. The undersigned declines Plaintiff's request and denies the motion for extension.

Further, Rule 4(m) allows for an extension beyond 90 days to effect service of process "if the plaintiff shows good cause for the failure." The deadline has already been extended once. (Doc. 4). Plaintiff's second motion provides no explanation for the failure to effect service

beyond the general statement that it "was the result of mistake, inadvertence and/or excusable neglect." (Doc. 5-1 ¶ 3). Without any additional explanation, Plaintiff fails to demonstrate good cause for a second extension.

It is thus recommended that this matter be dismissed without prejudice pursuant to Rule 4(m). *See, e.g.*, *Kilgore v. Brennan*, No. 16-2102-STA-DKV, 2016 WL 4183353, at *3 (W.D. Tenn. Aug. 8, 2016) ("The Magistrate Judge found that Plaintiff has not shown good cause for an extension of time in which to serve the U.S. Attorney General or the U.S. Attorney for the Western District of Tennessee. Plaintiff merely states that her failure to do so was an 'oversight,' which does not constitute good cause under Rule 4."); *Williams v. Witsell*, No. 3:07CV243, 2008 WL 5120904, at *2 (E.D. Tenn. Dec. 3, 2008) ("Having failed to execute service . . . , the court granted plaintiffs an opportunity to demonstrate good cause for having failed to serve defendant [under] Rule 4(i)(3). Plaintiffs, however, have failed to cite any cause for this defect which would warrant an extension . . . . Most tellingly, plaintiffs' latest filing, in which they move the court for leave to serve the United States, is devoid of any demonstration of cause as to why dismissal is not appropriate. Indeed, the only cause ever given was counsel's apparent oversight of the Federal Rules of Civil Procedure. Accordingly, the court finds that an extension is not warranted under Rule 4(m). . . . [T]he court [also] finds that the most appropriate remedy is dismissal under Rule 4(m) due to plaintiffs' failure to properly serve the defendant in accordance with Rule 4(i).").

### III.   CONCLUSION

Plaintiff's motion (Doc. 5) is **DENIED**, and it is **RECOMMENDED** that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

## **Procedure on Objections to Report and Recommendation**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

## **Procedure on Objections to Order**

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This Order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

IT IS SO ORDERED.


Date:  August 10, 2016                                          /s/ Kimberly A. Jolson
                                                                KIMBERLY A. JOLSON
                                                                UNITED STATES MAGISTRATE JUDGE